T.C. Summary Opinion 2011-92

UNITED STATES TAX COURT

STEPHEN L. AND DARLENE G. MORGAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22339-09S.                    Filed July 14, 2011.

Stephen L. and Darlene G. Morgan, pro sese.

Amber N. Becton and Nancy W. Hale, for respondent.

HAINES, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986, as amended, and Rule
references are to the Tax Court Rules of Practice and Procedure.
Amounts are rounded to the nearest dollar.

this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2006 Federal income tax of $12,979. The deficiency resulted from the denial of deductions for expenses claimed in connection with petitioner Stephen Morgan's (Mr. Morgan) real estate remodeling activities. We must decide: (1) Whether petitioners are entitled to deduct section 162 expenses of $625; (2) whether petitioners are entitled to deduct a section 179 expense of $33,836; and (3) whether petitioners are entitled to deduct truck expenses of $2,622.

The parties' stipulation of facts, supplemental stipulation of facts, and attached exhibits are incorporated herein by this reference. Petitioners resided in Tennessee when they filed their petition.

Mr. Morgan worked in the construction business throughout most of his career. On July 20, 2006, Mr. Morgan sold his interest in JBS Enterprises, L.L.C., an Alabama limited liability company, for $1,206,806, a 2006 Dodge Ram truck, and a travel trailer (the JBS transaction). The sales document states that the $1,206,806 comprises a cash distribution of profits from operations of $870,191, a purchase of Mr. Morgan's interest in real estate assets totaling $315,083, and a purchase of Mr. Morgan's interest in equipment totaling $21,532. Further, the

sales document allocates a price of $33,836 to the 2006 Dodge Ram and $16,836 to the travel trailer.

After the JBS transaction had closed, Mr. Morgan pursued opportunities in the redevelopment of distressed residential real estate.  With the help of a realtor, Mr. Morgan began searching for suitable properties.  On October 10, 2006, he purchased a property at 3524 Maxey Road, Cedar Hill, Tennessee (the Cedar Hill property).  On November 10, 2006, he purchased a property at 622 S. 14th Street, Nashville, Tennessee (the Nashville property).  After renovations, Mr. Morgan sold the Nashville and Cedar Hill properties on November 11 and December 28, 2007, respectively.  His net return on the Cedar Hill property was a loss of $13,492, and his net return on the Nashville property was a gain of $12,710.  Mr. Morgan kept records and receipts of cell phone and supply expenses related to the Cedar Hill and Nashville property renovations in 2006.  Mr. Morgan also has detailed expense logs related to each property for 2007.

Petitioners have not purchased any other properties for renovation.  Mr. Morgan decided that because the real estate market was weak by the time he sold the Cedar Hill and Nashville properties in 2007, it would be foolish to continue purchasing properties when he would be unable to resell them.

Mr. Morgan testified that he used the 2006 Dodge Ram acquired in the JBS transaction exclusively in his activities

renovating the Cedar Hill and Nashville properties.  Beginning on October 5, 2006, Mr. Morgan kept a log to track the miles driven in the 2006 Dodge Ram.  Mr. Morgan's mileage logs show that from October 5 through December 31, 2006, the 2006 Dodge Ram was driven 1,138 miles in connection with his renovation activities.  Petitioners claimed truck expense deductions on their 2006 Federal income tax return using the business standard mileage rate and the difference between readings on the 2006 Dodge Ram's odometer from July 20, 2006, the date it was acquired, through December 31, 2006.  Petitioners owned two other vehicles for their personal use.

Petitioners timely filed their joint Form 1040, U.S. Individual Income Tax Return, for 2006.  On Schedule C, Profit or Loss From Business, petitioners reported gross receipts of zero with respect to Mr. Morgan's renovation activities and deductions of $2,622 for car and truck expenses, $33,836 for depreciation and section 179 expenses, and $625 for other expenses.  On August 18, 2009, respondent timely issued a notice of deficiency disallowing petitioners' Schedule C deductions.  Petitioners timely filed their petition with this Court on September 18, 2009.

## Discussion

I.   Trade or Business

Deductions are a matter of legislative grace, and the taxpayer must prove he is entitled to the deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Section 162(a) provides that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  Taxpayers are required to maintain records sufficient to establish the amounts of allowable deductions and to enable the Commissioner to determine the correct tax liability.  Sec. 6001; Shea v. Commissioner, 112 T.C. 183, 186 (1999).

To determine whether a taxpayer is conducting a trade or business requires an examination of the facts involved in each case.  Higgins v. Commissioner, 312 U.S. 212, 217 (1941).  For a taxpayer to be engaged in a trade or business, the primary purpose for engaging in the activity must be for income or profit.  Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).

Factors to be considered in determining whether an activity is engaged in for profit include:  (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the

success of the taxpayer in carrying on similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) the elements of personal pleasure or recreation. Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(b), Income Tax Regs. No single factor or group of factors is determinative. Sec. 1.183-2(b), Income Tax Regs. A final determination is made only after considering all facts and circumstances. Id.

Respondent argues that petitioners have failed to establish that Mr. Morgan's renovation activities qualify as a trade or business pursuant to section 162. Petitioners argue to the contrary. We agree with petitioners.

Mr. Morgan's work and behavior in connection with the search for, purchase, renovation, and sale of the Cedar Hill and Nashville properties clearly establish that he treated his activities as a trade or business. He used his knowledge of the construction business and interest in real estate to purchase and renovate the Cedar Hill and Nashville properties. He purchased and renovated these properties in late 2006 and early 2007, just before the real estate market crashed. He carefully tracked his expenses related to each project throughout 2006 and 2007, as well as his net profits and losses. When Mr. Morgan realized

that the prospects of future profits from his renovation activities were bleak, he decided to cut his losses and get out of the business, thereby demonstrating a profit objective. Accordingly, Mr. Morgan's real estate renovation activity in 2006 constitutes a trade or business pursuant to section 162.

## II.  Other Expenses

Items described in section 274 are subject to strict substantiation rules.  Petitioners reported gross receipts of zero with respect to Mr. Morgan's renovation business and deductions of $2,622 for car and truck expenses, $33,836 for depreciation and section 179 expenses, and $625 for other expenses.  The other expenses consisted of costs related to Mr. Morgan's cell phone and supplies used for renovations.  Mr. Morgan kept records and receipts of cell phone and supply expenses with respect to the Cedar Hill and Nashville property renovations in 2006.  See secs. 274(d)(4), 280F(d)(4)(A)(v). Accordingly, petitioners are entitled to their claimed deduction of $625 for cell phone and supply expenses.

## III. Section 179 Expense

Subject to certain limitations, taxpayers purchasing qualifying property may elect under section 179 to deduct the cost of the property in the year the property is placed in service.  Qualifying section 179 property includes tangible property that is depreciable under section 168 and is described

in section 1245(a)(3) and computer software that is depreciable under section 167 and described in section 1245(a)(3), but only if the property is acquired for use in the "active conduct of a trade or business." Sec. 179(d)(1). "[A]ctive conduct" means that the taxpayer actively participates in the management or operations of the trade or business. Sec. 1.179-2(c)(6)(ii), Income Tax Regs. As used in section 179 the term "trade or business" has the same meaning as in section 162 and the regulations thereunder, and therefore property held merely for the production of income does not qualify as section 179 property. Sec. 1.179-2(c)(6)(i), Income Tax Regs.

As discussed above, Mr. Morgan's activities with respect to the Cedar Hill and Nashville properties constituted a trade or business pursuant to section 162. Thus, his activities also qualify as a trade or business pursuant to section 179. He used the 2006 Dodge Ram exclusively in the active conduct of his trade or business.

The sales document allocates $33,836 to the 2006 Dodge Ram, and petitioner deducted that amount as an expense pursuant to section 179(a). There are two relevant limitations that apply to the section 179 deduction: (1) The section 179 expense cannot exceed $100,000, pursuant to section 179(b)(1) as in effect in 2006; and (2) section 179(b)(3) provides that the section 179 deduction cannot exceed the "aggregate amount of taxable income

of the taxpayer for such taxable year which is derived from the active conduct by the taxpayer of any trade or business during such taxable year." Petitioners reported gross receipts of zero in 2006 from Mr. Morgan's renovation business. However, $870,191 of the $1,206,806 in cash Mr. Morgan received as part of the JBS transaction was a distribution of profits from operations. The second limitation on the section 179 deduction applies to the "aggregate" of "any trade or business" during the taxable year. Accordingly, petitioners have sufficient taxable income from the active conduct of a trade or business in 2006 and are entitled to deduct their claimed section 179 expense of $33,836.

IV. Truck Expenses

Pursuant to section 274(d), truck expenses otherwise deductible as business expenses will be disallowed in full unless the taxpayer satisfies strict substantiation requirements. The taxpayer must substantiate the truck expenses by adequate records or other corroborating evidence of items such as the amount of each expense, the time and place of the truck's use, and the business purpose of its use. See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); Maher v. Commissioner, T.C. Memo. 2003-85. A taxpayer may also choose to use the business standard mileage rate to determine a truck expense deduction in lieu of actual expenses. Nash v. Commissioner, 60 T.C. 503, 520 (1973); Kay v.

<u>Commissioner</u>, T.C. Memo. 2002-197, affd. 85 Fed. Appx. 362 (5th Cir. 2003); Rev. Proc. 2005-78, 2005-2 C.B. 1177.  However, the business standard mileage rate may not be used to compute deductible expenses if the taxpayer has claimed a section 179 expense deduction on the same vehicle.  <u>Kay v. Commissioner</u>, <u>supra</u>; Rev. Proc. 2005-78, <u>supra</u>.

On their 2006 Federal income tax return, petitioners claimed a truck expense deduction using the business standard mileage rate and odometer readings from July 20, 2006, the date the 2006 Dodge Ram was acquired, through December 31, 2006.  Petitioners may not claim deductions with regard to the 2006 Dodge Ram for both the section 179 expense and the standard mileage rate. Accordingly, as we have determined that petitioners are entitled to the section 179 expense deduction for the 2006 Dodge Ram, they are not entitled to a truck expense deduction using the business standard mileage rate.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.